IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEETHIEL PAYNE, | No. 2:11-CV-2026-JAM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| K. DHILLON, | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172,

1

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges in his complaint that he is being denied adequate medical care for his pain. According to the allegations in his complaint, and the attachments thereto, it appears that plaintiff's pain medication was discontinued, and he claims he is now in constant pain due to his chronic nerve damage. It is unclear from his complaint who plaintiff's treating physician is, and who is responsible for his prescriptions. The only named defendant, Dr. Dhillon, was involved in resolving plaintiff's 602 inmate grievance, but is not the physician who made the decision to discontinue plaintiff's pain medication.

## II. DISCUSSION

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment " embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

1          The requirement of deliberate indifference is less stringent in medical needs cases
2 than in other Eighth Amendment contexts because the responsibility to provide inmates with
3 medical care does not generally conflict with competing penological concerns.  See McGuckin,
4 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to
5 decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
6 1989).  The complete denial of medical attention may constitute deliberate indifference.  See
7 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical
8 treatment, or interference with medical treatment, may also constitute deliberate indifference.
9 See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also
10 demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

11          Negligence in diagnosing or treating a medical condition does not, however, give
12 rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a
13 difference of opinion between the prisoner and medical providers concerning the appropriate
14 course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,
15 90 F.3d 330, 332 (9th Cir. 1996).

16          Here, it appears from plaintiff's allegations that he disagrees with the appropriate
17 course of treatment he is receiving.  It appears that plaintiff was prescribed a pain medication,
18 gabapentin, which he chose not to take.  He states that the medication was causing him problems
19 with having to use the rest-room.  Apparently instead of discussing this issue with this treating
20 physician, plaintiff simply stopped taking the medication.  After a blood test confirmed that
21 plaintiff was not taking his medications, his doctor tapered him off and provided him with
22 Tylenol instead.  Plaintiff's allegations amount to no more than a difference in opinion as to the
23 proper medication for his pain.  A difference in opinion as to the proper medication to be
24 provided is insufficient to state a claim for a violation of the Eighth Amendment.  Even if
25 plaintiff's claims were sufficient to state a claim, however, he has not identified the individual
26 responsible for the alleged violation.  The only defendant plaintiff has named is Dr. Dhillon.  Dr.

Dhillon is not plaintiff's treating physician who made the decision to discontinue plaintiff's pain medication, but rather was the physician who reviewed plaintiff's inmate grievance about that decision. Reviewing another physician's decision to discontinue pain medication, even by agreeing with the decision, is insufficient to state a claim.

Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

As the only involvement Dr. Dhillon had in plaintiff's treatment was a review of his inmate grievance, plaintiff cannot state a claim against Dr. Dhillon for violating his Eighth Amendment rights based on that review. There is nothing in plaintiff' complaint to indicate that plaintiff claims a violation of his First Amendment right to file a grievance. Rather, as plaintiff has attached the grievances to his complaint, it is apparent that he was able to successfully grieve

his complaint through to the third level. Therefore, plaintiff fails to state a claim against Dr. Dhillon.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 5, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE